UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11751-GAO

MELVIN ELLIS HOLLY
Petitioner,

v.

JEFFREY GRONDOSKY, WARDEN
Respondent.

MEMORANDUM AND ORDER

O'TOOLE, D.J.

Before the Court is Melvin Ellis Holly's petition for a writ of habeas corpus under 28 U.S.C. § 2241. The petition has not been served pending the Court's review of the petition. See 28 U.S.C. § 2243 (if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to order the respondent "to show cause why the writ [of habeas corpus] should not be granted"). For the reasons stated below, the Court DENIES the petition.

I.   Background

In August 2005, Holly was convicted in the United States District Court for the Eastern District of Oklahoma on fourteen criminal counts, including five counts of felony deprivation of rights under color of law involving aggravated sexual abuse. See United States v. Holly, 488 F.3d 1298 (10th Cir. 2007). Holly was the sheriff of Latimer County, Oklahoma. His convictions "arose out of a series of sexual assaults perpetrated by Holly against inmates and employees of the Latimer County Jail, as well as the daughter of an employee of the jail." Id. at 1300. On his direct appeal, the Tenth Circuit reversed four out of the five convictions for felony

deprivation of rights under color of law due to an error in the jury instructions. See id. at 1311. He later unsuccessfully pursued a motion under 28 U.S.C. § 2255 and motions of various appellations (e.g., motion for a writ of audita querela, motion for due process) in which he attacked his convictions or sentence. See United States v. Holly, 470 Fed. Appx. 705, 706 (10th Cir. Mar. 21, 2012).

Although's Holly's petition is not entirely clear, Holly complains that the remaining conviction for felony deprivation of rights should have been dismissed because it was based on the same faulty jury instructions which resulted in the reversal of the four other convictions for felony deprivation of rights. Holly also argues that the government's key witness, Amber Helmert, should not have been permitted to testify because she was a "crack-head."

Holly did not pay the $5.00 filing fee or seek leave to proceed in forma pauperis. He has requested appointment of counsel.

**III.  Discussion**

Under 28 U.S.C. § 2255, a federal prisoner who claims that his "sentence was imposed in violation of the Constitution or laws of the United States" may "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A federal prisoner cannot challenge the legality of his sentence through an application for a writ of habeas corpus unless it appears that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also United States v. Barrett, 178 F.3d 34, 38 (1st Cir. 1999) (explaining that a federal prisoner "cannot evade the restrictions of § 2255 by resort to the habeas statute, 28 U.S.C. § 2241, or the All Writs Act, 28 U.S.C. § 1651). "[P]ost-conviction relief can be termed 'inadequate' or 'ineffective' only when, in a particular case, the

configuration of section 2255 is such 'as to deny a convicted defendant any opportunity for judicial rectification.'" Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) (quoting In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998)).

Here, the Court cannot ascertain–and Holly has not offered–any reason why a motion under § 2255 would be ineffective or inadequate to challenge Holly's conviction.  The fact that his § 2255 motion was unsuccessful and that there are limitations on bringing successive § 2255 motions does not mean that a § 2255 motion is an inadequate or ineffective vehicle to challenge the legality of the litigant's detention.  See Barrett, 178 F.3d at 50.  Accordingly, relief under § 2241 is not available.

### III.    Conclusion

Accordingly, the petition is DENIED and this action is dismissed.  The motion for appointment of counsel is DENIED.

SO ORDERED.

January 2, 2013                                    /s/ George A. O'Toole, Jr.
DATE                                               GEORGE A. O'TOOLE, JR.
                                                   UNITED STATES DISTRICT JUDGE